FILED

2014 DEC 30 PM 2: 52

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE CITY DIVISION

KELLY NAROWSKI
an individual,

    Plaintiff,

vs.

CASA RODRIGUEZ, LLC,

    Defendant.

_____/

CASE NO:

3:14-CV-1534-J-32JBT

## COMPLAINT

Plaintiff, Kelly Narowski ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Casa Rodriguez, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Middle District of Florida pursuant to 28

U.S.C. §1391 (B) and Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, Kelly Narowski (hereinafter referred to as "Narowski") is a resident of Vernon Perish, Louisiana and is a qualified individual with a disability under the ADA. Narowski suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffered a spinal injury and requires the use of a wheelchair for mobility. Narowski's father lives in St. Augustine, Florida and Narowski's visits him frequently. Prior to instituting the instant action, in March 2014, Narowski visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Narowski continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Casa Rodriguez, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Florida. Upon information and belief, Casa Rodriguez, LLC, (hereinafter referred to as "Casa Rodriguez") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: Casa Rodriguez located at 52 St. George Street, St. Augustine, Florida (hereinafter referred to as "Store," respectively).

5.   All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF THE ADA

6.   On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.   Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Store owned by Casa Rodriguez is a place of public accommodation in that it is a Store operated by a private entity that provides goods and services to the public.

8.   Defendant, Casa Rodriguez, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store in derogation of 42 U.S.C §12101 *et seq*.

9.   The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Store owned by Casa Rodriguez. Prior to the filing of this lawsuit, Plaintiff personally visited the Store at issue in this lawsuit and

was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Store, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Store in violation of the ADA. Narowski has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Casa Rodriguez is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

>   i. There is no accessible entrance due to an abrupt change in level at the main entrance (a step) and the lack of directional signage indicating the location of an accessible entrance;
>
>   ii. The path of travel is too narrow for a wheelchair user throughout the store;

12. There are other current barriers to access and violations of the ADA at the Store owned and operated by Casa Rodriguez that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Casa Rodriguez was required to make its Store, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Casa Rodriguez has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Casa Rodriguez pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent

required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Casa Rodriguez and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 18th day of November 2014.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
      Edward I. Zwilling, Esq.
      Bar No.: ASB-1564-L54E
      Schwartz Roller & Zwilling

        600 Vestavia Parkway, Suite 251
        Birmingham, Alabama 35216
        Telephone:  (205) 822-2701
        Facsimile:  (205) 822-2702
        Email:  ezwilling@szalaw.com

By:  /s/ K. Brian Roller
      K. Brian Roller, Esq.
      Florida Bar No. 18696
      Schwartz Roller & Zwilling, LLP
      3876 Sheridan Street
      Hollywood, Florida 33021
      Telephone:  (954) 966-2483
      Facsimile:  (954) 966-2566
      Email:  broller@szalaw.com